# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALEXY GONZALEZ,

    Plaintiff,

v.

CARDENAS MARKETS, LLC,

    Defendant.

Case No.: 2:24-cv-02013-GMN-NJK

**Order**

[Docket No. 15]

Pending before the Court is the parties' renewed stipulation to extend case management deadlines by 90 days. Docket No. 15.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

The stipulation seeks relief because Plaintiff is waiting on requested surveillance footage and photographs, and discovery concerning the surfaces of the floor which are "of profound importance to Plaintiff in the creation of Plaintiff's expert reports." Docket No. 15 at 3. Further, Defendant seeks relief as it has recently received information indicating that Plaintiff was involved in a prior automobile collision and is in the process of obtaining medical records. *Id*. Lastly, the parties are "currently actively engaged in meaningful settlement discussions…and Plaintiff has provided Defendant with a written settlement offer." *Id*. As the parties are well aware, *see* Docket No. 14 at 1, settlement discussions are a common aspect of federal litigation, and it is well-settled that the existence of such discussions is not good cause to modify the scheduling order. *Williams*,

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

627 F. Supp. 3d at 1181.  The Court is not inclined to modify the case management schedule simply because settlement is being discussed.

Additionally, there has been no showing of diligence.  The parties have engaged in very little affirmative discovery.  Docket No. 15 at 1-2.

The Court will, nonetheless, allow a 30-day extension of the current deadlines.  Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part.  Docket No. 15.  Deadlines are **RESET** as follows:

- Initial expert disclosures: March 26, 2025
- Rebuttal expert disclosures: April 24, 2025
- Discovery cutoff:  May 26, 2025
- Dispositive motions:  June 23, 2025
- Joint proposed pretrial order:  July 21, 2025, 30 days after resolution of dispositive motions, or by further Court order

Any future request to extend discovery deadlines must include a robust showing of diligence.

IT IS SO ORDERED.

Dated: February 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge